# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIAN JOHNSON,

        Petitioner,

v.                                            Case Number: 09-CV-11373
                                                   Honorable George Caram Steeh

BLAINE LAFLER,

        Respondent.
_____/

### OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

On April 13, 2009, Petitioner Christian Johnson, a Michigan state inmate currently incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In 2006, Johnson was convicted of (1) possession with intent to deliver less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), (2) resisting or obstructing a police officer, MICH. COMP. LAWS § 750.81(d)(1), and (3) maintaining a drug house, MICH. COMP. LAWS § 333.7405(1)(d). He was sentenced, as a habitual offender, third offense, MICH. COMP. LAWS § 769.11, to seven to forty years in prison for the possession-with-intent-to-deliver conviction and two to four years in prison for each of the remaining convictions.

In his *pro se* pleadings, Johnson raises the following claims: (1) state procedures did not conform to federal procedures, (2) ineffective assistance of trial and appellate counsel, (3) violation of his Fourth Amendment rights, (4) violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and (5) violation of the preservation of error doctrine.

On December 16, 2009, in lieu of filing his answer, Respondent filed a motion to dismiss,

arguing that Johnson's petition was not timely filed under 28 U.S.C. § 2244(d)(1) and should therefore be dismissed.

After carefully reviewing Johnson's claims, the Court concludes that the petition was filed after the applicable limitation period had expired, and that the late petition cannot be saved by the doctrine of equitable tolling. The Court will therefore dismiss the petition and will decline to issue a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

## I. BACKGROUND

### A. Substantive Facts

This case arises as a result of an incident that occurred on November 22, 2005. On that day, the Saginaw police officers conducted a surveillance investigation, after receiving complaints that drugs were being sold out of a certain apartment. While there, the police observed a vehicle occupied by two individuals stop outside the apartment. One occupant entered the apartment, returned to the vehicle, and drove off. After stopping the vehicle for a traffic violation, the officers found a crack cocaine rock in the vehicle. Saginaw Police Sergeant Kevin Revard used information provided by the occupants of that vehicle to obtain a search warrant for the apartment. Subsequently, the police executed the warrant during the early morning hours of November 23, 2005. Johnson was in a common area of the building when the police announced the warrant. He was shot with a taser gun after stepping back and turning toward the apartment, but managed to run to the apartment before he fell down. The police found another individual in the southwest bedroom of the apartment.

The police seized crack cocaine from Johnson's shirt pocket. Johnson also possessed a key that fit a lock on a toolbox that contained various amounts of crack cocaine packaged in paper. The toolbox was located near a scale in the southwest bedroom. Mail addressed to Johnson was found in the apartment.

### B.  Procedural Facts

Johnson was subsequently convicted and sentenced. The procedural history is as follows.

Subsequent to his convictions and sentences, Johnson filed an appeal of right with the Michigan Court of Appeals. In a unpublished opinion, the Michigan Court of Appeals affirmed his convictions and sentences. *People v. Johnson*, No. 271410, 2007 WL 3357671 (Mich.Ct.App. Nov. 13, 2007). Johnson did not appeal that matter to the Michigan Supreme Court. Additionally, Johnson neither filed a writ of certiorari with the United States Supreme Court nor did he file a post conviction motion in the state courts. Rather, on April 13, 2009, he filed this habeas petition. The petition is dated April 8, 2009.

### II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 1236, 170 L.Ed.2d 81 (2008). Johnson's habeas petition was filed after April 24, 1996, and
thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas relief, apply to his petition. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the

United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

Additionally, under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531

U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The United States Supreme Court has held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

### III.  DISCUSSION

#### A.  Timeliness of Petition

In this case, Johnson did not file his application for a writ of habeas corpus within the statute of limitations period. Here, the Michigan Court of Appeals affirmed Johnson's convictions on direct review on November 13, 2007. Under Mich.Ct.R. 7.302(C)(2), Johnson would have had fifty six days to file an application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F.Supp.2d 784, 787 (E.D. Mich. 1999). Because Johnson did not file a timely application for leave to appeal his conviction with the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on January 8, 2008, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee*, 232 F.Supp.2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo*, 130

F.Supp.2d 887, 889 (E.D. Mich. 2001).[1]  Thus, the statue of limitations began to run the next day, on January 9, 2008.  Johnson thus had until January 9, 2009, in which to file his habeas petition.  Johnson's habeas petition was dated April 8, 2009 and filed April 13, 2009–three months after the limitations period had already expired.  Against that backdrop, the Court concludes that Johnson's habeas petition was filed untimely.

In his reply to Respondent's motion, Johnson argues that his petition is not barred by the statute of limitations because direct review does not conclude at a state intermediate court.  Johnson however is incorrect in his interpretation of the law.  Johnson also argues that he is actually innocent, because he has served the entire statutory maximum of four years and therefore he is actually innocent of the offense accounting for the balance of his prison sentence.  He essentially argues that, if the Court fails to address his claims, a miscarriage of justice would occur.  The Court finds those arguments misplaced and concludes that Johnson is not entitled to equitable tolling.

## B.  Equitable Tolling

The United States Supreme Court has not yet decided whether the statute of limitations for

---

[1] Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  In this case, however, Johnson would not be entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.  *See Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1272-73, n. 5 (D. Haw. 1999) (citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

habeas actions is subject to equitable tolling.[2] *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n. 8 (2005). However, most circuits, including the Sixth Circuit, have determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence is likewise undecided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, it has determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418.

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004)). "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of

---

[2] However, the United States Supreme Court recently granted certiorari in *Holland v. Florida*, No. 09-5327, 130 S.Ct. 398 (2009), where it may decide whether equitable tolling is applicable to AEDPA's statute of limitations.

limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)); *see Pace*, 544 U.S. at 418. The Sixth Circuit has repeatedly cautioned that equitable tolling should be granted "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.") (Citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653.

Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (Inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter*, 395 F.3d at 588-90. As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual

8

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, the Court finds that Johnson has failed to establish that he diligently pursued his rights, given that he failed to file his state appeal with the Michigan Supreme Court and given that he failed to file any state post-conviction motions. He has failed to allege or establish that he was not aware of the filing requirements regarding his habeas petition. Thus, the Court finds that Johnson has failed to establish that he is entitled to equitable tolling.

The Court also finds that Johnson is not entitled to equitable tolling under *Souter*, as he has neither alleged nor met the stringent standard for establishing a credible claim of actual innocence. For those reasons, the Court finds that Johnson is not entitled to habeas-corpus relief.

### C. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Johnson's habeas petition, and no certificate of appealability is therefore warranted. Nor should Johnson be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion to Dismiss" [dkt. # 11] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

Dated:  February 5, 2010

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---